# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DANITRA C. MARSH | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2934-S-BT |
| | § | |
| CITY OF MESQUITE, TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is pro se Plaintiff Danitra C. Marsh's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") [ECF No. 7]. Plaintiff alleges that the City of Mesquite is terminating her Section 8 housing assistance effective August 31, 2026, without affording her adequate procedural due process. *See generally* ECF Nos. 3, 7. Plaintiff seeks an order to enjoin the City of Mesquite from terminating her benefits. For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

A party seeking injunctive relief must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644-45 (N.D. Tex. 2021) (citation omitted). And a "preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citation omitted).

Plaintiff fails to show a substantial likelihood of success on the merits. The Fourteenth Amendment's Due Process Clause places procedural constraints on governmental decisions that deprive individuals of their liberty or property interests. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Section 8 tenants have a property interest in their federal housing benefits upon an initial showing of eligibility under the authorizing federal statute. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1191 (9th Cir. 2015). Due process requires that notice and an opportunity to be heard "be granted at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

Here, documents attached to Plaintiff's Motion show that, on July 28, 2026, the Mesquite Housing Division notified Plaintiff that it decided to terminate her housing assistance for alleged violations of the housing assistance policy. ECF No. 3 at 31. The notice explained that Plaintiff could request an informal hearing regarding the termination of assistance by August 11, 2026. *Id.* Plaintiff did so. *Id.* ¶ 13. On August 7, 2026, the Mesquite Housing Division mailed Plaintiff a detailed notice of hearing scheduled for August 20, 2026, at 6:30 p.m. *Id.* at 23. The notice explained that a request for a reasonable accommodation must be made 72 hours before the hearing date. *Id.* at 24. The day of the hearing, Plaintiff submitted a request to reschedule the hearing and for a reasonable accommodation. *Id.* at 14. Plaintiff alleged she was experiencing "significant illness," including "severe head pain, nausea, and pain" affecting her ability to safely attend the hearing and participate in it. *Id.* She alleged that this was good cause to postpone the hearing under Mesquite Housing Division policy. *Id.*

But the Mesquite Housing Division denied Plaintiff's request to postpone the hearing that same day, advising her that if she did not show up to the hearing by 6:45 p.m., she would be marked a "no-show," and her housing assistance would be terminated. *Id.* at 17. Plaintiff did not attend the

hearing, and, on August 22, 2026, the Mesquite Housing Division notified her that it would no longer subsidize her rent effective August 31, 2026. *Id.* at 12.

Plaintiff fails to show that she did not receive procedural due process. She was notified of the potential termination of her benefits and given the chance to attend a hearing on the issue. While Plaintiff appears to claim that she could not be heard because of her alleged illness, she presents no evidence on this issue, such as medical records or affidavits establishing her actual inability to attend the hearing. Her conclusory allegations on this issue are insufficient. Nor does she provide any authority suggesting that the Mesquite Housing Division had to postpone the hearing because of her day-of-the-hearing request. *See, e.g.*, *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984) ("Although the right to be heard is an integral part of due process, an individual entitled to such process is not entitled to dictate to the court the precise manner in which he is to be heard."); *Krison v. Nehls*, 767 F.2d 344, 349 (7th Cir. 1985) ("[D]ue process . . . does not require . . . that the opportunity [to be heard] be afforded at the time and in the manner of one's own choosing.").

Plaintiff also complains that the decision to terminate her benefits did not contain the brief explanation of reasons required by 24 C.F.R. § 982.555(e)(6)—a Housing and Urban Development regulation governing informal hearings to revoke housing assistance. The Court disagrees. The notice of termination explains Plaintiff's violations. *See, e.g.*, ECF No. 3 at 8. In any event, Plaintiff points to no authority suggesting that an alleged violation of § 982.555(e)(6) amounts to a procedural due process violation.

Plaintiff has failed to show a clear entitlement to a temporary restraining order or preliminary injunction. Accordingly, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 7] is **DENIED WITHOUT PREJUDICE**. Plaintiff's

Complaint remains subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B), and no process will issue pending completion of that screening.

**SO ORDERED.**

SIGNED September 1, 2026.

**UNITED STATES DISTRICT JUDGE**